BRIDGET HANNA
CLERK OF COURT AND RECORDER AND NOTARY PUBLIC
ASCENSION PARISH
P O BOX 192
DONALDSONVILLE, LA 70346
PHONE:225-473-9866 D'VILLE
FAX:225-473-8641

## CERTIFICATE OF THE CLERK

I, Amanda Simoneaux Deputy Clerk of Court and Recorder for the
23rd Judicial District Court, in and for Parish of Ascension, do hereby certify
that the attached is a true and correct copy of the entire suit record entitled

JACOB BALFANTZ, ET AL vs 129275 BIG LOTS STORES INC.

Witness my hand and seal of office at Donaldsonville, Parish of Ascension,
State of Louisiana, on the 26th day of August, 2020.

_____
Deputy Clerk of Court

EXHIBIT
A

Received and Filed
Bridget Hanna
Clerk of Court
7/24/2020 12:41 PM
By: Rayna Bajoie
Ascension Parish, LA

## 23RD JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

## STATE OF LOUISIANA

SUIT NO: _129075_                                   DIVISION "_____"

### JACOB BALFANTZ, MELANIE BALFANTZ, AND ANNIE BALFANTZ

### VERSUS

### BIG LOTS STORES, INC.

# DIVISION D

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

Jacob Balfantz and Melanie Balfantz appear individually, and on behalf of their minor child, Annie Balfantz, to respectfully represent the following:

1.

Jacob Balfantz and Melanie Balfantz, both adult residents of Ascension Parish, Louisiana, are married with three children. Annie Balfantz is the couple's youngest child and their only daughter.

2.

Under the authority of Louisiana Code of Civil Procedure article 683, Jacob Balfantz and Melanie Balfantz join as the proper plaintiffs to enforce the rights of their unemancipated minor child, Annie Balfantz.

3.

The defendant is Big Lots Stores, Inc., an Ohio corporation authorized to do business in Louisiana and with its principal Louisiana business establishment located within East Baton Rouge Parish, Louisiana.

4.

Big Lots Stores, Inc. owns an operates a store located at 120 Airline Highway, Gonzales, Louisiana, which is identified as Big Lots Store #1701.

5.

On August 11, 2019, merchandise fell from a shelf in Big Lots Store #1701 and fractured Annie Balfantz'z skull.

1

**6.**

At the time of this injury, Annie Balfantz was 28 months old.

**7.**

As a merchant, Big Lots Stores, Inc. owes a duty to its customers to keeps its premises in a reasonably safe condition, and to make a reasonable effort to keep its premises free of any hazardous conditions which may foreseeably cause injury.

**8.**

Big Lots Stores, Inc. sells furniture to the public at Big Lots Store #1701.

**9.**

Big Lots Stores, Inc. displays some of its furniture on shelves at Big Lots Store #1701.

**10.**

Big Lots Stores, Inc. knows that some of its furniture is heavy, and that it could fall and injure someone.

**11.**

To protect the public from the danger of falling merchandise, Big Lots Stores, Inc. has safety policies and procedures relating to the shelving and securing of its merchandise displays.

**12.**

Big Lots Stores, Inc. has a duty to train and supervise its managers and employees to identify hazardous conditions in Big Lots Store #1701.

**13.**

Big Lots Stores, Inc. has a duty to place its merchandise in a safe position on its shelves.

**14.**

Big Lots stores, Inc. has a duty to warn customers of known hazardous conditions.

**15.**

On August 11, 2019, Big Lots Stores, Inc. displayed a rolling kitchen bar cart on a bottom shelf in the back of Big Lots Store #1701.

**16.**

The rolling kitchen bar cart had four wheels and a metal top.

2

17.

Big Lots Stores, Inc. did not secure the rolling kitchen bar cart on the shelf.

18.

The way that Big Lots Stores, Inc. displayed the rolling kitchen bar cart on its shelf at Big Lots Stores #1701 created a hazardous condition to customers.

19.

On August 11, 2019, Jacob Balfantz and Melanie Balfantz visited Big Lots Store #1701 with their two youngest children, Annie Balfantz and Will Balfantz.

20.

It was Sunday evening.

21.

Jacob Balfantz and Melanie Balfants went to Big Lots Store #1701 to buy a recliner.

22.

Jacob Balfantz and Melanie Balfantz browsed the store for approximately thirty minutes and put several other items into a shopping cart.

23.

Jacob Balfantz and Melanie Balfantz found an employee of Big Lots Stores, Inc. in the back of Big Lots Store #1701 and asked her for help finding a recliner.

24.

The employee asked the Balfantz family to wait while she went to the back to se whether there were any recliners in stock.

25.

The Balfantz family waited in the furniture section.

26.

The Balfantz family was not aware of the hazardous condition posed by the unsecured rolling kitchen bar cart on the bottom shelf.

3

27.

The minor children, Annie Balfantz and Will Balfantz, stood next to their parents in the back of the store.

28.

Annie Balfantz touched the unsecured rolling kitchen bar cart.

29.

The kitchen bar cart rolled forward.

30.

The kitchen bar cart fell onto Annie Balfantz and knocked her to the ground.

31.

The metal top of the kitchen bar cart cracked Annie Balfantz in the head, which fractured her skull behind her left ear.

32.

The Balfantz family did not immediately understand how serious the injury was.

33.

As her symptoms progressed it became clear that Annie Balfantz had a concussion. She cried, she vomited, and appeared unwell.

34.

Jacob Balfantz and Melanie Balfantz rushed their daughter to the emergency room at Our Lady of the Lake hospital. A CT scan revealed the fracture, and Annie Balfantz was held in the ICU for 3 days.

35.

Jacob Balfantz and Melanie Balfantz are concerned for their daughter.

36.

Jacob Balfantz and Melanie Balfantz are concerned with the condition of Big Lots Store #1701 and that due to the individual management, training and supervision of the store, as well as Big Lots Stores, Inc's lack of quality control and enforcement of its safety policies and procedures,

4

means that other hidden hazards are likely still present in Big Lots Store #1701.

37.

Big Lots Stores, Inc. is liable to Annie Balfantz, Jacob Balfantz, and Melanie Balfantz pursuant to Louisiana Civil Code article 2315, 2316, 2317, 2317.1 2320, and Louisiana Revised Statute 9:2800.6.

38.

Particularly, Big Lots Stores, Inc. is liable to Annie Balfantz, Jacob Balfantz, and Melanie Balfantz for the following:

a.  Failing to maintain Big Lots Store #1701 in a reasonably safe condition.

b.  By displaying merchandise on its shelves in an unsafe manner.

c.  By failing to secure the rolling kitchen bar cart.

d.  By failing to warn the Balfantz family of the hazardous condition.

e.  By failing to inspect its shelves to identify hazards.

f.  By failing to properly train and supervise the managers and employees at Big Lots Store #1701 relating to safety policies and procedures for displaying merchandise on shelves.

g.  By failing to follow its own policies and procedures.

h.  By failing to maintain its shelves in a reasonably safe condition.

i.  By failing to provide a reasonably safe environment for customers, including minor children.

j.  By failing to exercise reasonable care.

39.

Jacob Balfantz and Melanie Balfantz seek bystander damages pursuant to Louisiana Civil Code article 2315.6.

40.

Jacob Balfantz and Melanie Balfantz also seek all economic damages relate to Annie Balfantz's injury at Big Lots Store #1701, including past and future medical expenses and caretaking expenses.

5

41.

Jacob Balfantz and Melanie Balfantz also seek reasonable damages on behalf of their minor child, Annie Balfantz, for the following:

a. Past physical pain and suffering.

b. Future physical pain and suffering.

c. Medical expenses.

d. Loss of enjoyment of life.

e. Disability.

f. Disfigurement.

g. Past mental anguish.

h. Future mental anguish.

i. Lost earning capacity.

### PRAYER FOR RELIEF

Plaintiffs, Jacob Balfantz and Melanie Balfantz, individually and on behalf of their minor child, Annie Balfantz, pray that the defendant be cited and served with a copy of this Petition. And, after all due proceedings, Plaintiffs pray that there be a judgment for $500,000.00 against the defendant, Big Lots Stores, Inc., together with legal interest and costs.

Plaintiffs further pray for a jury trial and for all other general or equitable relief deemed fit.

Respectfully Submitted:

Dudley DeBosier, APLC

Ross M. LeBlanc (#33940)
Peter E. Ellis (#35119)
1075 Government St.
Baton Rouge, LA
Phone: (225) 239-7224
Fax: (225) 239-7274
rmleblanc@dudleydebosier.com
*Attorney for Plaintiffs*

**-Service Instructions are on the next page-**

**PLEASE SERVE:**
Big Lots Stores, Inc.
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

7

Received and Filed
Bridget Hanna
Clerk of Court
7/24/2020 12:41 PM
By: Rayna Bajoie
Ascension Parish, LA

23RD JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

STATE OF LOUISIANA

SUIT NO: 119075

DIVISION "_____"

JACOB BALFANTZ, MELANIE BALFANTZ, AND ANNIE BALFANTZ

VERSUS

BIG LOTS STORES, INC.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiffs, the Balfantz Family, issue the following Requests for Production of Documents upon Defendant, Big Lots Stores, Inc., to be answered in writing, under oath, and within the time provided by the Louisiana Code of Civil Procedure:

## REQUEST FOR PRODUCTION NO. 1:

Produce the video footage of plaintiff, Annie Balfantz on August 11, 2019, from Big Lots store #1701 in Gonzales, Louisiana, including video from the area of the incident for the one hour before and after the incident.

## REQUEST FOR PRODUCTION NO. 2:

All written documentation concerning the incident, including the incident reporting forms which were completed on the date of this wreck by The Balfantz Family and the employees at Big Lots Store #1701.

## REQUEST FOR PRODUCTION NO. 3:

Produce all items and information which were requested by Jacob Balfantz's August 14, 2019 litigation hold letter, including:

a.  The rolling cart that caused the injury (for inspection);

b.  Communications between Big Lots and third parties concerning the litigation; and

c.  All incident reports, documents, notes, reports, photographs, or videos concerning this event.

8

**REQUEST FOR PRODUCTION NO. 4:**

Produce the names and contact information for all employees of Big Lots Stores, Inc. who were present at Big Lots Store #1701 on August 11, 2019.

**REQUEST FOR PRODUCTION NO. 5:**

Produce a copy of the employee handbook.

**REQUEST FOR PRODUCTION NO. 6:**

Produce a copy of Big Lots Sores, Inc.'s safety policies and procedures for managers and employees.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all notes, memos, and other documents, which Big Lots Stores, Inc. has given to the managers and employees at store #1701, within the past 5 years, discussing the importance of properly shelving items for display due to the danger of falling merchandise.

**REQUEST FOR PRODUCTION NO. 8:**

Produce a copy of all lawsuits filed against Big Lots Stores, Inc. in the past five years that involved falling merchandise.

**REQUEST FOR PRODUCTION NO. 9:**

Produce a copy of all incident reports related to a customer claiming injury from fallen merchandise at any Big Lots! Store within the past 5 years.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, letters and emails which Big Lots Stores, Inc, its agents and representatives, sent to McLarens related to the rolling kitchen bar cart (Manufactured by Donguan Tianshan Furniture) involved in this incident.

**REQUEST FOR PRODUCTION NO. 11:**

All policies and procedures relating to the selling and display of furniture at Big Lots!

9

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents and videos shown to Big Lots Stores, Inc. employees, within the past 3 years, as part of their training and/or orientation.

**REQUEST FOR PRODUCTION NO. 13:**

Produce the incident reports for all customers at a Big Lots! Store who, within the last 5 years, were injured in the store by a similar rolling kitchen bar cart (Manufactured by Donguan Tianshan Furniture).

**REQUEST FOR PRODUCTION NO. 14:**

Produce all internal documents and memos which Big Lots Stores, Inc., has created to discuss the dangers posed to its customers by falling merchandise.

**REQUEST FOR PRODUCTION NO. 15:**

Produce a list of all OSHA warnings and violations which were noticed on Big Lots Stores, Inc. related to the danger to its own employees from falling merchandise.

Respectfully Submitted:

**Dudley DeBosier, APLC**

**Ross M. LeBlanc (#33940)**
**Peter E. Ellis (#35119)**
1075 Government St.
Baton Rouge, LA
Phone: (225) 239-7224
Fax: (225) 239-7274
rmleblanc@dudleydebosier.com
*Attorney for Plaintiffs*

**PLEASE SERVE WITH PETITION:**

**Big Lots Stores, Inc.**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

10

**CITATION**

PLEASE **RETURN** TO
CLERK OF COURT

JACOB BALFANTZ et al

23RD JUDICIAL DISTRICT COURT

VERSUS

PARISH OF ASCENSION

BIG LOTS STORES INC

STATE OF LOUISIANA

DOCKET NUMBER: 00129275D

**SERVE: BIG LOTS STORES INC**
THROUGH CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA. 70802

**RETURNED**

AUG 21 2020

PARISH OF EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition*
of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 23rd Judicial
District Court in and for the Parish of Ascension, State of Louisiana,
within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by Attorney LEBLANC, ROSS M and was
issued by the Clerk of Court on the 6TH day of AUGUST, 2020.

_Wiplechein_
Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

*Also attached are the following documents:

**REQUEST FOR:    *PRODUCTION OF DOCUMENTS**

I made service on the named party through the
CORPORATION SERVICE COMPANY
AUG 18 2020
by tendering a copy of this document to:
CUMMING #1155
East Baton Rouge, LA
MADELYN HAYNES

*****************************************************************
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
*****************************************************************
-----------------------------------------------------------------

**SHERIFF'S RETURN**

Received on the _____ day of _____ ,20___ and on the _____ day
of _____ , 20 ___ served the above named party as follows:

DATE SERVICE ATTEMPTED:_____    TIME SERVICE ATTEMPTED:_____AM/PM
DATE SERVICE ATTEMPTED:_____    TIME SERVICE ATTEMPTED:_____AM/PM
DATE SERVICE ATTEMPTED:_____    TIME SERVICE ATTEMPTED:_____AM/PM
TYPE OF SERVICE:
____ PERSONAL
____ DOMICILIARY
____ ADDRESS OF ATTEMPTED SERVICE/EXECUTION _____
REASON FOR NON-SERVICE:
____ MOVED (NEW ADDRESS) _____        ____ MOVED, ADDRESS UNKNOWN
____ NOT KNOWN AT THIS ADDRESS                  ____ UNABLE TO LOCATE
____ POST OFFICE HAS NO ADDRESS                 ____ DISTRICT ATTORNEY RECALLED
____ THIS ADDRESS NOT IN OUR PARISH             ____ NOT SERVED IN TIME FOR
____ HOLD-REQUEST OF _____                 COURT DATE/PAST COURT
____ IN ARMED FORCES                            ____ HOSPITALIZED/DECEASED
____ RECEIVED TOO LATE FOR SERVICE
____ COMMENTS OR OTHER REASONS FOR NOT SERVING _____
_____
_____

RETURNED: PARISH OF _____ this _____ day of _____ , 20 _____ .

SERVICE:    $ _____              BY: _____
MILEAGE:    $ _____
TOTAL:      $ _____                    DEPUTY SHERIFF

0016

23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

STATE OF LOUISIANA

NO. 129,275                                    DIVISION "D"

JACOB BALFANTZ, MELANIE BALFANTZ, AND ANNIE BALFANTZ

VERSUS

BIG LOTS STORES, INC.

FILED:_____
                                      DEPUTY CLERK

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes defendant, Big Lots Stores, Inc., who respectfully answers the Petition for Damages of plaintiffs as follows:

1.

The allegations contained in Paragraph 1 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

2.

The allegations contained in Paragraph 2 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

3.

The allegations contained in Paragraph 3 of plaintiffs' Petition for Damages are admitted as to the status of Big Lots Stores, Inc., only; all other allegations are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

5.

The allegations contained in Paragraph 5 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

7.

The allegations contained in Paragraph 7 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of plaintiffs' Petition for Damages are admitted.

9.

The allegations contained in Paragraph 9 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

11.

The allegations contained in Paragraph 11 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

12.

The allegations contained in Paragraph 12 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

13.

The allegations contained in Paragraph 13 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

14.

The allegations contained in Paragraph 14 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

15.

The allegations contained in Paragraph 15 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

16.

The allegations contained in Paragraph 16 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

17.

The allegations contained in Paragraph 17 of plaintiffs' Petition for Damages are denied for

lack of sufficient information to justify a belief herein.

18.

The allegations contained in Paragraph 18 of plaintiffs' Petition for Damages are denied.

19.

The allegations contained in Paragraph 19 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

20.

The allegations contained in Paragraph 20 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

21.

The allegations contained in Paragraph 21 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

22.

The allegations contained in Paragraph 22 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

23.

The allegations contained in Paragraph 23 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

24.

The allegations contained in Paragraph 24 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

25.

The allegations contained in Paragraph 25 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

26.

The allegations contained in Paragraph 26 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

27.

The allegations contained in Paragraph 27 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

28.

The allegations contained in Paragraph 28 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

29.

The allegations contained in Paragraph 29 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

30.

The allegations contained in Paragraph 30 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

31.

The allegations contained in Paragraph 31 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

32.

The allegations contained in Paragraph 32 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

33.

The allegations contained in Paragraph 33 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

34.

The allegations contained in Paragraph 34 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

35.

The allegations contained in Paragraph 35 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

36.

The allegations contained in Paragraph 36 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief herein.

37.

The allegations contained in Paragraph 37 of plaintiffs' Petition for Damages are denied.

38.

The allegations contained in Paragraph 38 and subparagraphs (a) through (j) of plaintiffs'

Petition for Damages are denied.

39.

The allegations contained in Paragraph 39 of plaintiffs' Petition for Damages are denied.

40.

The allegations contained in Paragraph 40 of plaintiffs' Petition for Damages are denied.

41.

The allegations contained in Paragraph 41 and subparagraphs (a) through (i) of plaintiffs' Petition for Damages are denied.

42.

Defendant avers that the alleged damages of plaintiffs, which alleged damages are hereby specifically denied, were the result of fault and/or negligence on behalf of third parties for whom defendant is not responsible or legally liable, which fault and/or negligence of said third parties is hereby plead in bar to or diminution of any recovery by plaintiffs.

43.

Defendant avers that the alleged damages sustained by plaintiffs, which damages are hereby specifically denied, were the result of the comparative negligence and/or fault of the plaintiffs, the particulars of which will be shown at trial of on the merits of this litigation, which fault and/or negligence is hereby pled in bar to or diminution of any recovery by plaintiffs.

44.

Defendant avers that the alleged damages sustained by plaintiffs, which damages are hereby specifically denied, were the result of plaintiffs' voluntary and knowing assumption of the risks, which are hereby pled in bar to or diminution of any recovery by plaintiffs.

45.

Defendant avers that plaintiffs has failed to mitigate damages, if any.

46.

Defendant prays for and is entitled to a trial by jury.

**WHEREFORE**, defendant prays that there be judgment herein in its favor after due and deliberate proceedings had, with all costs and attorney's fees incurred in defending this litigation assessed against plaintiffs. Defendant also prays for a trial by jury and any other general or equitable relief which this Honorable Court may deem appropriate.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

JACK E. TRUITT, BAR NO. 18476, T.A.
LOU ANNE MILLIMAN, BAR NO. 23869
MICHELLE MAYNE DAVIS, BAR NO. 23027
NANCY N. BUTCHER, BAR NO. 24178
LAUREN A. DUNCAN, BAR NO. 37105
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Big Lots Stores, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel

of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile

and/or by electronic means on _____*Aug. 19*_____, 2020.

23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

STATE OF LOUISIANA

NO. 129,275                                                        DIVISION "D"

JACOB BALFANTZ, MELANIE BALFANTZ, AND ANNIE BALFANTZ

VERSUS

BIG LOTS STORES, INC.

FILED:_____     _____
                                         DEPUTY CLERK

## REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, comes defendant, Big Lots Stores, Inc., and respectfully requests written notice of the date of trial, as well as written notice of each rendition by the Court of any judgment, and/or interlocutory order entered in the above entitled and numbered case pursuant to Articles 1913, 1914 and 1572 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

JACK E. TRUITT, BAR NO. 18476, T.A.
LOU ANNE MILLIMAN, BAR NO. 23869
MICHELLE MAYNE DAVIS, BAR NO. 23027
NANCY N. BUTCHER, BAR NO. 24178
LAUREN A. DUNCAN, BAR NO. 37105
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Big Lots Stores, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on_____Aug. 4_____, 2020.